UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:14-cv-80820-MIDDLEBROOKS

ROSE L. KATZ,

    Plaintiff,

v.

JP MORGAN CHASE, N.A., *et al.*,

    Defendants.
_____/

## ORDER ON DEFENDANT JP MORGAN CHASE'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Motion to Dismiss Counts III, IV, V, VI, and VII of the Amended Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant JP Morgan Chase, N.A. ("Chase") on November 17, 2014. (DE 31).[1] Plaintiff filed a response on December 15, 2014 (DE 36) ("Response"), to which Chase replied on December 28, 2014 (DE 37) ("Reply"). For reasons stated below, Chase's Motion to Dismiss is granted in part and denied in part.

### I. Background

On May 19, 2014, Plaintiff filed a three-count complaint in the Circuit Court of the Fifteenth Judicial Circuit In and For Palm Beach County, Florida. (DE 1-1, Compl.). On June 21, 2014, Chase removed the case to this Court based on federal question jurisdiction. (DE 1). On October 7, 2014, Plaintiff's EFTA claim against Chase was dismissed based on a finding that the claim was barred by the statute of limitations. The Court provided Plaintiff time to file an amended complaint, which Plaintiff did on October 21, 2014. (DE 25, Am. Compl.).

Plaintiff alleges that, at some unspecified date, after she was released from a rehabilitation

---

[1] Chase alternatively moved for a more definite statement. (DE 31).

clinic following a car accident, she received "daily home care" from Best Health Services, Inc. and Best Health and Home Care, Inc. (collectively "Best"). (Am. Compl. ¶¶ 8-9). She alleges Defendant Kidzans Alliance ("Alliance") was an employee of Best and served as her caregiver. (*Id.* at ¶ 12). "During the period of time Alliance served as [Plaintiff's] caregiver, [Plaintiff] was of diminished mental and emotional capacity." (*Id.* at ¶ 13). According to Plaintiff, Alliance accessed and used Plaintiff's Chase Account without authorization and "misappropriat[ed] hundreds of thousands of dollars . . . by making unauthorized purchases, payments and transfers of funds (the 'Chase Embezzlement' or the 'Chase Embezzled Monies')." (*Id.* at ¶ 16). Plaintiff alleges "[s]ubsequent to [Plaintiff] moving into the senior living facility [in January 2013], checks started to bounce on [Plantiff's] checking account maintained at Chase." (*Id.* at ¶ 19). Plaintiff "and a friend visited a local Chase branch in January, 2013 to look into [Plaintiff's] account because of the bounced checks. Chase failed to take adequate steps at that time to safeguard [Plaintiff's] accounts and the embezzlement by Alliance continued with unauthorized transactions continuing to occur through the end of 2013." (*Id.* at ¶ 19). Plaintiff alleges that the transactions "occurred from August 2008 through December 2013." (*Id.* at ¶ 21). Chase "conduct[ed] its investigation of the circumstances of the embezzlement." (*Id.* at ¶ 23). "During the course of the ongoing investigation, Chase made a number of partial reimbursements of the Chase Embezzled Monies with the last partial reimbursement being made by Chase in November 2013." (*Id.* at ¶ 24). Chase reimbursed Plaintiff "for some of the Chase Embezzled Monies, [but] has refused and failed to reimburse the large majority of the total amount embezzled." (*Id.* at ¶ 27).

Plaintiff alleges seven causes of action: Count I – conversion against Alliance and Best; Count II – exploitation in violation of Florida Statutes Chapter 415, which is entitled Adult Protective Services, against Alliance and Best; Count III – violation of the Electronic Funds

2

Transfer Act, 15 U.S.C. § 1693a(6), against Chase; Count IV – violation of Florida Statutes Section 670.204 against Chase; Count V – violation of Florida Statutes Section 674.401 against Chase; Count VI – breach of the Deposit Agreement; and Count VII – negligence against Chase. Chase filed a Motion to Dismiss Counts III through VII, or in the alternative, a Motion for More Definite Statement.

## II. Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual

3

allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that unwarranted deduction of fact is not considered true for purpose of determining whether claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which she bases her claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

Dismissal on statute of limitations grounds "is 'appropriate *only* if it is apparent from the face of the complaint that the claim is time-barred' and '*only* if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'" *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288, n.13 (11th Cir. 2005), *abrogated on other grounds*).

### III. Discussion

**Count III – Electronic Funds Transfer Act, 15 U.S.C. § 1693a(6)** – Chase moves to dismiss Count III in accordance with the Court's prior Order dismissing this claim as barred by the statute on limitations. (DE 31 at 8) (citing DE 24). In the prior Order, the Court explained that the Complaint failed to provide any dates giving rise to her EFTA claim, and that in reading the Complaint most favorably to Plaintiff, her EFTA claim arose no later than April 12, 2013.

(DE 24 at 6-7). Thus, the EFTA's one-year statute of limitations barred her claim.

In her Amended Complaint, Plaintiff provides allegations to emphasize that her EFTA claim is based on Chase's "failure to reimburse," not any failure to investigate. According to Plaintiff, her EFTA claim arose when Chase notified Plaintiff that the investigation was concluded in November 2013. Plaintiff alleges "Chase refused and failed to reimburse the large majority of the total amount embezzled claiming that these embezzled monies were authorized." (Am. Compl. ¶ 59).

For a failure to investigate claim, "'[i]n light of the ten-day statutory period within which a financial institution must provide a response,' the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution." *Golden-Koether v. JPMorgan Chase Bank, N.A.*, No. 11-3586(MLC), 2011 WL 6002979, at *2 (D.N.J. Nov. 29, 2011) (citing *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 145 (D. Mass. 2005)).

Plaintiff fails to specify in her Amended Complaint which particular section of the EFTA was violated. In her response to Chase's Motion to Dismiss, Plaintiff disavows any claim as to Chase's requirement to investigate or provide documentation under the EFTA. (DE 36 at 4). Rather, it appears Plaintiff is alleging Chase reached the wrong result after conducting an investigation.[2] Despite the timing requirements set forth in the EFTA, particularly the one

---

[2] Under 15 U.S.C. § 1693f(e), a consumer is entitled to treble damages if a court finds:
> (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in [§1693f(c)], and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or
> (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

15 U.S.C. § 1693f(e). Plaintiff does not allege Chase did not have a reasonable basis for believing

5

requiring a financial institution to investigate any claim of an unauthorized electronic transfer within ten days of notification by the consumer, Plaintiff essentially asks the Court to disregard the statute of limitations provided in the EFTA. *See* 15 U.S.C. § 1693m(g) ("Without regard to the amount in controversy, any action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation."). Under Plaintiff's theory, if a financial institution's investigation continues past the ten-day period, any claim arising from the institution's decision not to reimburse a consumer for an allegedly unauthorized transfer accrues at the conclusion of the investigation, whenever that may be. Plaintiff has provided no legal authority for her position and it is inconsistent with the timing set forth in the EFTA. Further, in lieu of the ten-day investigation, a financial institution may provisionally credit the consumer's account within the ten-day period after notification, and conduct an investigation not to exceed 45 days.[3] *See* 15 U.S.C. § 1693f(c).[4] The Court, therefore, rejects Plaintiff's argument that her EFTA claim accrued when Chase informed her of its decision

---

that her account was not in error or that Chase knowingly and willfully concluded that the her account was not in error contrary to the evidence available to Chase during the investigation. Chase, however, did not move to dismiss on these grounds.

[3] Plaintiff does not allege that Chase elected to provisionally credit her account to undertake a 45-day investigation. Neither does Plaintiff allege that Chase violated any time requirement imposed by the EFTA.

[4] According to the EFTA:
> If a financial institution receives notice of an error in the manner and within the time period specified in subsection (a) of this section, it may, in lieu of the requirements of subsections (a) and (b) of this section, within ten business days after receiving such notice provisionally recredit the consumer's account for the amount alleged to be in error, subject to section 1693g of this title, including interest where applicable, pending the conclusion of its investigation and its determination of whether an error has occurred. Such investigation shall be concluded not later than forty-five days after receipt of notice of the error. During the pendency of the investigation, the consumer shall have full use of the funds provisionally recredited.

15 U.S.C. § 1693f(c).

not to reimburse her for certain transfers in November 2013.

Plaintiff has not alleged the dates of specific unauthorized transfers. Rather, Plaintiff alleges that unauthorized transfers occurred from August 2008 through December 2013. As Plaintiff filed her original Complaint on May 19, 2014, the statute of limitations bars her EFTA claim to the extent it is based on violations accruing before May 19, 2013. Based on her allegation that certain unauthorized transfers occurred in 2013 (until December 2013), Plaintiff's EFTA claim is not completely barred by the statute of limitations.[5]

Plaintiff also argues that equitable tolling should apply "to toll the statute of limitations during the period of time that Chase was conducting its investigation and making partial reimbursements based on its ongoing investigation." (DE 36 at 6). Plaintiff similarly contends that the delayed discovery doctrine should be applied because she "was of diminished mental and emotional capacity" and "was unable to discover or detect the embezzlement by Alliance until 2013." (DE 36 at 8 n.6). Because certain alleged unauthorized transfers occurred in the year prior to the filing of the Complaint, the Court need not determine whether equitable tolling or the delayed discovery doctrine apply.

**Count IV – Florida Statutes Section 670.204** – Chase moves to dismiss Count IV because Plaintiff has not alleged the transactions involved "payment orders." Plaintiff responds that she alleged "[a] portion of the Chase Embezzlement consisted of funds transfers as that term is defined by Florida Statutes Section 670.104(1)." (DE 36 at 9, citing Am. Compl. ¶ 65). Section 670.104(1) provides that "funds transfer . . . includes any payment order issued by the originator's bank or an intermediary bank intended to carry out the originator's payment order." The Court, therefore, finds that Plaintiff alleged, although inartfully, that some of the

---

[5] Based on Plaintiff's failure to identify the dates of the alleged unauthorized transfers, the Court cannot specify which transfers are within the EFTA's statute of limitations.

7

unauthorized transfers were payment orders.

Chase also argues that Plaintiff's claim is barred by the statute of repose, § 670.505, Fla. Stat., which provides:

> If a receiving bank has received payment from its customer with respect to a payment order issued in the name of the customer as sender and accepted by the bank, and the customer received notification reasonably identifying the order, the customer is precluded from asserting that the bank is not entitled to retain the payment unless the customer notifies the bank of the customer's objection to the payment within 1 year after the notification was received by the customer.

§ 670.505, Fla. Stat. Even assuming failure to allege compliance with this section precludes a claim under § 670.204, Plaintiff alleges that she notified the bank of unauthorized transfers in January 2013 and that additional unauthorized transfers occurred in 2013. It is, thus, not clear from Plaintiff's Amended Complaint that the statute of repose bars her claim.[6]

**Count V – Florida Statutes Section 674.401** – Section 674.401 exposes a bank to liability for paying a forged, altered, or otherwise unauthorized check. Chase argues that this claim must be dismissed because Plaintiff failed to comply with statutory requirements to discover and report unauthorized checks.[7] Plaintiff alleges she discovered and reported unauthorized transfers to Chase in January 2013. Whether Plaintiff discovered the unauthorized

---

[6] To the extent certain unauthorized transfers occurred more than one year before Plaintiff notified Chase, any recovery based on those transfers would be barred by § 670.505, Fla. Stat.

[7] *See, e.g.,* § 674.406:
> (3) If a bank sends or makes available a statement of account or items pursuant to subsection (1), the customer must exercise reasonable promptness in examining the statement or the items to determine whether any payment was not authorized because of an alteration of an item or because a purported signature by or on behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.
> (4) If the bank proves that the customer failed, with respect to an item, to comply with the duties imposed on the customer by subsection (3), the customer is precluded from asserting against the bank.

§§ 674.406(3)-(4), Fla. Stat.

checks with reasonable promptness is a factual determination that is not appropriate at the motion to dismiss stage.

**Count VI – Breach of the Deposit Agreement.** Chase moves to dismiss Plaintiff's claim for breach of the Deposit Agreement because Plaintiff does not allege what provision was breached. In order to state a claim for breach of contract under Florida law, a plaintiff must plead the existence of (1) a valid contract, (2) a material breach, and (3) damages. *Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007) (citing *Abbott Lab., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000)). In support of her breach of contract claim, Plaintiff alleges "[t]he Deposit Agreement provides Katz is not liable for any unauthorized transactions." (Am. Compl. ¶ 79). Plaintiff also alleges that "Chase breached the Deposit Agreement by refusing to reimburse Katz for the total amount of the Chase Embezzled Monies" and "by failing to take action to safeguard Katz's Chase Accounts after learning of a possible embezzlement involving Katz' banking relationship with Chase." (Am. Compl. ¶¶ 80, 81). Even after Chase highlighted Plaintiff's failure to identify which particular provisions of the Deposit Agreement were allegedly breached, Plaintiff has not identified any provision in response. *See, e.g., George v. Wells Fargo Bank, N.A.*, 2014 WL 61487 (S.D. Fla. Jan.8, 2014) ("The Amended Complaint does not identify which provision of the [contract] has been breached and therefore runs afoul of *Twombly*."). Under these circumstances, Plaintiff has failed to state a claim for breach of the Deposit Agreement and Count VI is, therefore, dismissed.

**Count VII – Negligence.** Finally, Chase moves to dismiss Plaintiff's negligence claim. Plaintiff alleges "Chase owed Katz a duty to take action to safeguard Katz' Chase Accounts after learning of a possible embezzlement involving Katz' banking relationship with Chase." (Am. Compl. ¶ 86). She further alleges Chase "breached this duty by failing to take action to safeguard

Katz' Chase Accounts after learning of a possible embezzlement involving Katz' banking relationship with Chase." (*Id.* at ¶ 87). As a result, Plaintiff alleges "the Chase Embezzlement continued into 2013." (*Id.* at ¶ 88). Chase argues that Plaintiff's negligence claim is preempted by Florida's Uniform Commercial Code and the EFTA and is barred by the contractual relationship between Plaintiff and Chase. (DE 31 at 17-19) (citing, *e.g.*, *Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715 So. 2d 967, 970-71 (Fla. 3d DCA 1998) (holding UCC Article 4A preempts negligence claim arising from funds transfers)). Chase, however, has not demonstrated that Plaintiff's negligence claim is preempted by the UCC or the EFTA or is otherwise barred by a contract.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant JP Morgan Chase's Motion to Dismiss (DE 31) is **GRANTED IN PART AND DENIED IN PART**. Chase's Motion to Dismiss is granted as to Count VI (breach of contract) and denied as to Counts III, IV, V, and VII. Chase's alternative Motion for a More Definite Statement (DE 31) is **DENIED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 10 day of February, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record